Earl CARTER, Sr., Plaintiff–Appellant,

v.

METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, Defendant–Appellee.

No. 00–55810.

D.C. No. CV–98–08782–CM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 12, 2001 *.

Decided Oct. 16, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

** This disposition is inappropriate for publication and may not be cited to or by the courts

## MEMORANDUM **

Plaintiff Earl Carter, Sr., appeals the district court's grant of summary judgment in favor of the Defendant Metropolitan Water District of Southern California ("MWD"), on his claims of race discrimination and retaliation in connection with his 1996 termination for alleged sexual harassment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I

■ Carter first argues that summary judgment was improper because the discovery period should have been continued pursuant to Federal Rule of Civil Procedure 56(f). We review a district court's decision disallowing additional discovery under Rule 56(f) for an abuse of discretion. *Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001); *Qualls v. Blue Cross Inc.,* 22 F.3d 839, 844 (9th Cir.1994). A court will "only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Qualls,* 22 F.3d at 844.

■ Carter sought the continuance to secure supplemental answers to certain interrogatories. The district court did not abuse its discretion in denying the motion because Carter failed to diligently pursue discovery, the discovery deadline had previously been extended, and the second discovery cut-off deadline had passed, without Carter having filed a motion to compel responses to the outstanding interrogatories. Carter failed to show how additional discovery would have precluded summary judgment because the information sought in the interrogatories was contained in re-

of this circuit except as may be provided by 9th Cir. R. 36–3.

sponse to his document request; these included the entire personnel files of the two white MWD employees whom Carter claimed had been treated more favorably.

## II

■ We agree that Carter produced insufficient admissible evidence of discriminatory intent to survive summary judgment on his claims of race-based discrimination under Title VII, 42 U.S.C. § 2000e–2(a), and under California Fair Employment and Housing Act ("FEHA").

Title VII of the Civil Rights Act of 1964 and the FEHA prohibit the discharge of any individual because of such individual's race. 42 U.S.C. § 2000e–2(a)(1); *McDonald v. Sante Fe Trail Transp. Co.*, 427 U.S. 273, 279, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir.1996) (noting that California courts interpreting FEHA look to federal cases interpreting Title VII). Once the petitioner establishes a prima facie case of discrimination, the burden shifts to respondent to "produc[e] evidence that the plaintiff was rejected or someone else was preferred, for a legitimate nondiscriminatory reason." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Despite the shifting burdens, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089.

Carter did not proffer any evidence of MWD's discriminatory motive. The record reveals that after a thorough investigation, MWD found that Carter engaged in sexual harassment of a co-worker, providing a legitimate nondiscriminatory reason for MWD's decision to fire Carter. Additionally, even though Carter had the personnel files of other employees accused of sexual harassment, he did not produce evidence that he was treated differently from them or that any such treatment was racially motivated. We agree that the district court properly granted summary judgment in favor of the defendant, MWD.

## III

■ We also find the evidence of retaliatory motive presented by Carter insufficient to survive summary judgment. To establish a prima facie case of retaliation, Carter must show "that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Nidds*, 113 F.3d at 919 (internal quotation marks and citation omitted). Although Carter filed EEOC complaints against MWD in the 1970s and in 1986, he failed to show any causal link between those complaints and the action taken by MWD in terminating Carter's employment. The undisputed record shows that Carter continued to be promoted and receive raises for years after he filed the complaints. Accordingly, we hold that Carter does not present a prima facie case of retaliation.

## IV

■ The district court admitted the declaration of MWD's Director of Human Resources over Carter's objection that it contained hearsay. Evidentiary rulings made in the context of summary judgment are reviewed for an abuse of discretion. *Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir.2001). "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene*

*v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988). Because the district court admitted the statements concerning the termination and reinstatement of a white employee accused of sexual harassment as evidence of MWD's discriminatory intent, and not for the truth of the matters there asserted, it did not abuse its discretion in overruling Carter's objection.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.